UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL D. CZLAPINSKI,

Plaintiff,

v.

WASHINGTON STATE DEPARTMENT
OF CORRECTIONS et al.,

Defendants.

CASE NO. 3:26-cv-05237-DGE-MLP

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 5) AND PLAINTIFF'S OBJECTIONS (DKT. NO. 6)

Before the Court are Plaintiff's objections (Dkt. No. 6) to the Report and Recommendation ("R&R") (Dkt. No. 5) of United States Magistrate Judge Michelle L. Peterson, which recommends dismissing Plaintiff's proposed civil rights complaint (Dkt. No. 1) without prejudice for failure to prosecute.  Plaintiff filed his complaint and an application to proceed *in forma pauperis* ("IFP") on March 6, 2026.  (*Id.*)  He did not sign the complaint or the IFP application as required by Federal Rule of Civil Procedure 11, so on March 11, 2026, the Clerk sent Plaintiff a deficiency letter explaining that Plaintiff would need to correct the filing deficiencies by April 10, 2026 to avoid dismissal of this action.  (Dkt. No. 4.)  Plaintiff did not

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 5) AND PLAINTIFF'S OBJECTIONS (DKT. NO. 6) - 1

correct the deficiencies, so on May 14, 2026, Judge Peterson issued an R&R recommending Plaintiff's complaint be dismissed for failure to prosecute.  (Dkt. No. 5.)

On May 29, 2026, the Court received Petitioner's objections.  (Dkt. No. 6.)  Petitioner states he never received the Clerk's deficiency letter because Stafford Creek Corrections Center ("SCCC"), where he is incarcerated, does not follow Washington law requiring legal mail be personally delivered to incarcerated individuals and instead distributes legal mail as regular mail, without requiring a signature.  (*Id.* at 2.)  He states that mail is often lost or misplaced at SCCC and requests the Court re-send the deficiency letter so he can correct the issues with his IFP application.

A district court reviews de novo "those portions of the report or specified proposed findings or recommendations to which [an] objection is made."  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").

Objections to an R&R must be "specific."  Fed. R. Civ. P. 72(b)(2).  "[M]ere incorporat[ion]" of arguments from the underlying motions, without identifying "what portions of the R&R" the objecting party "considers to be incorrect," does not constitute a specific objection, *Amaro v. Ryan*, Case No. 10–CV–48–TUC–RCC, 2012 WL 12702, at *1 (D. Ariz. Jan. 4, 2012), and therefore does not give rise to a court's obligation to conduct a *de novo* review, *Brandon v. Dep't of Corr.*, Case No. C21-5417-JCC, 2021 WL 5937685, at *1 (W.D. Wash. Dec. 16, 2021).  "In the absence of a specific objection, the [C]ourt need only satisfy itself that there is no 'clear error' on the face of the record before adopting the magistrate judge's recommendation."  *Venson v. Jackson*, Case No. 18-cv-02278-BAS-BLM, 2019 WL 1531271, at *1 (S.D. Cal. April 8, 2019).  Notwithstanding, "[t]he district judge may accept, reject, or modify

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 5) AND PLAINTIFF'S OBJECTIONS (DKT. NO. 6) - 2

the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Though Plaintiff does not object to Judge Peterson's findings in the strict sense, he essentially objects to the dismissal of his lawsuit because he never received, and was therefore unable to address, the Clerk's deficiency letter. (*See* Dkt. No. 6 at 2.) Though any dismissal of this case would be without prejudice, it seems to the Court that the easiest route forward is to allow Plaintiff a chance to remedy the deficiencies in his original filing rather than dismissing and requiring him to re-file the complaint and IFP application. *E.g.*, *Puzas v. King Cnty.*, Case No. 23-cv-01656, 2024 WL 3199857, at *2 (W.D. Wash. June 27, 2024) (exercising discretion to consider a pro se plaintiff's IFP application rather than dismissing without prejudice because of "the public's interest in expeditious resolution of this case, the Court's need to manage its docket, the interest of deciding this case on its merits, [and] the fact that no defendants have appeared yet to be prejudiced").

The Court therefore DECLINES to adopt the R&R. The Clerk is directed to re-send the filing deficiency letter (Dkt. No. 4) to Plaintiff. Plaintiff is ORDERED to remedy the issues identified in the letter no later than **July 6, 2026.** This matter is REFERRED back to Judge Peterson to consider Plaintiff's IFP application and for other proceedings upon receipt of Plaintiff's response to the deficiency letter. If Plaintiff fails to correct the filing deficiencies as identified by the Clerk by July 6, this matter will be dismissed without prejudice for failure to prosecute.

The Clerk is directed to calendar this event.

Dated this 4th day of June 2026.

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 5) AND PLAINTIFF'S OBJECTIONS (DKT. NO. 6) - 3

David G. Estudillo
United States District Judge

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 5) AND PLAINTIFF'S OBJECTIONS (DKT. NO. 6) - 4