UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL D. CZLAPINSKI,<br><br>Plaintiff,<br>v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS et al.,<br><br>Defendants. | CASE NO. 3:26-cv-05237-DGE-MLP<br><br>ORDER ADOPTING R&R AND DISMISSING CASE |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 10) and Plaintiff Daniel D. Czlapinski's objections to the R&R (Dkt. No. 11). For the reasons stated herein, the Court ADOPTS the R&R but addresses Plaintiff's objections below.

## I BACKGROUND

Plaintiff, proceeding pro se, is incarcerated by the Washington Department of Corrections ("DOC"). (Dkt. 9-1 at 4.) Plaintiff alleged in this action that the DOC improperly deducted funds from his inmate trust account and that he has been improperly denied counsel in his efforts

to challenge the DOC's unlawful actions. (Dkt. No. 9-1.) Plaintiff previously challenged these deductions in state court proceedings. (*See* Dkt. No. 1 at 24, 28.) The Washington courts denied relief because the deductions at issue were not legal financial obligations imposed as part of Plaintiff's judgment and sentence but were instead deductions mandated by state statute. *(See id.*)

On August 3, 2026, Judge Peterson issued an R&R finding Plaintiff had not stated a claim upon which relief may be granted and recommending dismissal with prejudice. (Dkt. 10 at 1–2.) First, Judge Peterson found Plaintiff has not stated a claim that deductions from his inmate trust account per Washington Revised Code §§ 72.09.111 and 72.09.480 for crime victim's compensation and costs of incarceration violate the Excessive Fines Clause of the Eighth Amendment because the Ninth Circuit has determined these same statutory deductions were not excessive. (Dkt. 10 at 4–5) (discussing *Wright v. Riveland*, 219 F.3d 905, 915–918 (9th Cir. 2000)). Second, Judge Peterson found Plaintiff has not stated a claim that his Sixth and Fourteenth Amendment rights were violated when he was denied counsel in his state court proceedings challenging the inmate account deductions. (*Id.* at 5–6.)

Judge Peterson also recommended denying Plaintiff's motion for leave to proceed In Forma Pauperis ("IFP") as moot. (*Id.* at 6.)

Plaintiff filed his objections to the R&R on August 21, 2026. (Dkt. No. 11.)

## II OBJECTIONS

Plaintiff begins his objections stating the R&R misquoted 28 U.S.C. § 1915 by citing a provision that does not exist. (Dkt. No. 11 at 2.) The R&R correctly cited 28 U.S.C. § 1915A(b)(1). (Dkt. No. 10 at 2.) This provision requires courts to review civil actions in which prisoners seek redress from the government and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

Next, Plaintiff objects to Judge Peterson's dismissal of his excessive fines claim. Plaintiff correctly argues that the Eighth Amendment is incorporated against the states by the Fourteenth Amendment. (Dkt. No. 11 at 5) (quoting *Timbs v. Indiana*, 586 U.S. 146, 150 (2019)). However, this does not change the analysis that the Ninth Circuit has already determined the Washington state statutes Plaintiff challenges do not violate the Eighth Amendment as the deductions are not excessive. *Wright*, 219 F.3d at 915–918. Plaintiff's objection holds no weight.

Plaintiff then reiterates his desire for legal aid. (Dkt. No. 11 at 11.) However, the Sixth Amendment does not provide a right to counsel in civil proceedings. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Judge Peterson correctly stated that Plaintiff has failed to state a claim under either a Sixth Amendment or Fourteenth Amendment Equal Protection claim.

## III CONCLUSION

Accordingly, having conducted a de novo review of the R&R, the Plaintiff's objections, and the remainder of the record, the Court hereby ADOPTS the R&R (Dkt. No. 10) and DISMISSES the Complaint WITH PREJUDICE and WITHOUT LEAVE TO AMEND. Plaintiff's Motion to Proceed IFP (Dkt. No. 9) is DENIED as moot. A copy of this Order shall be sent to the Hon. Michelle L. Peterson.

Dated this 7th day of October 2026.

David G. Estudillo
United States District Judge